IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 23-61-MN |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court has reviewed the motion ("Motion") of Defendant Robert Hunter Biden ("Defendant"), (D.I. 42), by which Defendant seeks leave to hold his initial appearance by video conference, and the United States of America's ("the Government") opposition thereto, (D.I. 43). For the reasons that follow, the Court ORDERS that the Motion is DENIED.

The Court understands Defendant's point that the initial appearance (as well as the arraignment, which will occur during the same hearing) will not likely be lengthy, and that there will be some amount of logistical inconvenience for Defendant and the United States Secret Service if the hearing is held in person, as opposed to by video conference. (D.I. 42-1 at 1-2) But although initial appearances in criminal matters are often short in duration, our Court has always considered them to be important. In part, that is because the hearing is one of the few occasions in a criminal case when a defendant physically appears in our Court, before a judge—in a setting that helps to emphasize the "integrity and solemnity of a federal criminal proceeding[.]" Fed. R. Crim. P. 5 advisory committee's note to 2002 amendments. And in part that is due to the significant nature of the rights that are discussed at such a hearing. *See, e.g., Coleman v. Frantz*, 754 F.2d 719, 724 (7th Cir. 1985); *United States v. Ugarte*, Case No. 2:20-MJ-452, 2020 WL 3895296, at *4 (D. Utah July 10, 2020).

Moreover, in this matter, most of the criminal charges that Defendant now faces are new

and were not addressed at his prior hearing in July 2023—such that this will be the first time they are discussed in court. The Court will also address Defendant's pre-trial release conditions; while the Court expects it is likely that the currently-imposed conditions will remain in place, were either side to suggest alterations, the Court would want to be able to address that issue in person with the parties. (D.I. 42-1 at 2; D.I. 43 at 2)

Other than during the exigent circumstances of the COVID crisis (when the Court was proceeding under the auspices of the now-expired CARES Act standing order), in 12 years as a judge on this Court, the undersigned cannot recall ever having conducted an initial appearance other than in person. That has been the case as to defendants of all types, regardless of their location or personal circumstance.[1]

In the end, the Court agrees with both Defendant, (D.I. 42-1 at 1), and the Government, (D.I. 43 at 1-2), that Defendant should not receive special treatment in this matter—absent some unusual circumstance, he should be treated just as would any other defendant in our Court. Any other defendant would be required to attend his or her initial appearance in person. So too here.

Therefore, Defendant's Motion is DENIED. An initial appearance and arraignment in this matter is scheduled for **September 26, 2023 at 10:00 a.m. in Courtroom 2A.**

Dated: September 20, 2023

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is aware that outside of the COVID/CARES Act context, on very few occasions, other judges on our Court have permitted an initial appearance by video conference. (D.I. 42-1 at 1 & n.1) But those rare circumstances have tended to involve instances where the defendant was physically incapable of attending a court proceeding in person, or was destitute and unable to afford to travel to our courthouse. See *United States v. Benn*, Crim. Act. No. 22-71-RGA (Jan. 5, 2023 Oral Order) (*cited in* D.I. 42-1 at 1 n.1); *United States v. Burns*, Crim. Act. No. 22-41-RGA (June 23, 2022 Oral Order) (*cited in* D.I. 42-1 at 1 n.1); *see also* (D.I. 43 at 1). Neither of those circumstances is at play here.

2