IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 23-61 (MN) |
| | ) | |
| ROBERT HUNTER BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

At Wilmington this 12th day of April 2024:

On June 20, 2023, David C. Weiss, United States Attorney for the District of Delaware, charged Defendant Robert Hunter Biden via Information with unlawful possession of a firearm by a person prohibited under 18 U.S.C. § 922(g)(3). The parties attempted to reach resolution of the charge with pretrial diversion but were ultimately unsuccessful. On August 11, 2023, the United States Attorney General, Merrick Garland, appointed Mr. Weiss as Special Counsel to conduct the ongoing investigations relating to this criminal matter and another matter relating to tax offenses, as well as to conduct investigations into other matters that may arise. *See* OFF. OF THE ATT'Y GEN., ORDER NO. 5730-2023, APPOINTMENT OF DAVID C. WEISS AS SPECIAL COUNSEL (2023). As Special Counsel here, Mr. Weiss is authorized to prosecute any federal crimes arising from his investigations. (*Id.*).

On September 14, 2023, Special Counsel Weiss indicted Defendant on three felony firearm offenses in this case – the original unlawful possession charge along with two related false-statement charges. (*See generally* D.I. 40). Presently before the Court is Defendant's motion to dismiss the indictment because the Special Counsel was purportedly unlawfully appointed and because the prosecution violates the Appropriations Clause. (D.I. 62).

The Attorney General appointed Mr. Weiss to serve as Special Counsel pursuant to 28 U.S.C. §§ 509, 510, 515 and 533. *See* ORDER NO. 5730-2023 at 1. Defendant does not argue that Mr. Weiss's appointment violates this statutory authority. Instead, he argues that the appointment was unlawful because it violates the U.S. Department of Justice ("DOJ") regulations, which describe the general powers of special counsel.[1] (*See* D.I. 62 at 2-6). The DOJ regulations state that "[t]he Special Counsel shall be selected from outside the United States Government." 28 C.F.R. § 600.3. Mr. Weiss, a sitting United States Attorney at all relevant times, was not selected from outside the government. According to Defendant, the regulations preclude Mr. Weiss from serving as Special Counsel, and the indictment must be dismissed.[2] (*See* D.I. 62 at 6). That, however, is not an argument available to Defendant.

The last section of the DOJ regulations, entitled "No creation of rights," provides that "[t]he regulations in this part are not intended to, do not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law or equity, by any person or entity, in any matter, civil, criminal, or administrative." 28 C.F.R. § 600.10. This is a criminal matter, and Defendant is a person attempting to rely upon the regulations to create an enforceable substantive (and procedural) right. By its clear terms, the DOJ regulations prohibit Defendant from doing so. He is not entitled to dismissal (or any other remedy) in this case even if the DOJ has violated its own

---

[1] The regulations are in Part 600 of the Code of Federal Regulations, which is titled "General Powers of Special Counsel." *See* 28 C.F.R. §§ 600.1-600.10.

[2] The appointment order states that the Special Counsel is subject to 28 C.F.R. §§ 600.4-600.10. *See* ORDER NO. 5730-2023 at 2. In so specifying, the appointment order excepts § 600.3 from applying to the Special Counsel. The DOJ may waive any or all of Part 600. *See Special Counsel and Permanent Indefinite Appropriation*, GAO B-302582, 2004 WL 2213560, at *4-5 (Comp. Gen. Sept. 30, 2004) ("Thus, 28 C.F.R Part 600 does not act as a substantive limitation on the Attorney General's (or Acting Attorney General's) authority to delegate authority to a U.S. Attorney to serve as a Special Counsel to investigate high ranking government officials and it may be waived.").

DOJ regulations.[3] The Court's conclusion in this regard is bolstered by the fact that at least two other courts have reached a similar conclusion – *i.e.*, that an individual defendant may not invoke the DOJ regulations (or purported violations thereof) to obtain dismissal of an indictment. *See, e.g.*, *United States v. Manafort*, 321 F. Supp. 3d 640, 660 (E.D. Va. 2018) ("[E]ven assuming defendant is correct that the Acting Attorney General violated the Special Counsel regulations when he appointed the Special Counsel here, that fact does not warrant dismissal of the Superseding Indictment. The Special Counsel regulations themselves make clear that the regulations do not 'create any rights, substantive or procedural,' and as such, the regulations are unenforceable 'at law or equity, by any person or entity, in any matter, civil, criminal, or administrative.'" (quoting 28 C.F.R. § 600.10)); *United States v. Manafort*, 312 F. Supp. 3d 60, 75 (D.D.C. 2018) ("Manafort cannot move to dismiss his complaint under the Federal Rules of Criminal Procedure based upon a claimed violation of the Department of Justice Special Counsel Regulations because those regulations are not substantive rules that create individual rights; they are merely statements of internal departmental policy.").

Defendant also claims that any prosecutions resulting from the Special Counsel's appointment violate the Appropriations Clause of the U.S. Constitution. (*See* D.I. 62 at 7-9). As Defendant recognizes, Mr. Weiss's investigation and prosecution is being funded through "an appropriation established in a Note to 28 U.S.C. § 591," one of the lapsed independent counsel

---

[3] Sitting U.S. Attorneys have been appointed as special counsel in at least two other instances. *See* ATT'Y GEN. ORDER 4878-2020 (2020) (appointing U.S. Attorney John Durham as special counsel under §§ 509, 510 and 515); *see also* Letter from James B. Comey, Acting Attorney General, to Patrick J. Fitzgerald, United States Attorney (Dec. 30, 2003) (appointing U.S. Attorney Patrick Fitzgerald as special counsel under §§ 509, 510 and 515).

3

statutes.[4] (D.I. 62 at 7). That appropriation provides "a permanent indefinite appropriation [] established within the Department of Justice to pay all necessary expenses of investigations and prosecutions by independent counsel appointed pursuant to the provisions of 28 U.S.C. 591 *et seq.* or other law." Pub. L. No. 100-202, 101 Stat. 1329 (Dec. 22, 1987). Defendant argues that this appropriation cannot fund the Special Counsel here because he is not an "independent counsel" who falls within the appropriation. (*See, e.g.*, D.I. 62 at 7 ("Special Counsel Weiss is not an *independent* counsel and that is by design. This appropriation for 'independent counsel' was created in 1987, when everyone understood that 'independent' referred to the circumstances that then-existed concerning the role of an Independent Counsel." (emphasis in original)); D.I. 80 at 12 ("Special Counsel Weiss's claim that the appropriation covers him fails because he is not an 'independent counsel' as envisioned in any 'other law.'")). The Court disagrees.

The use of the permanent appropriation to fund special counsel appointed after the independent counsel statutes lapsed is well established. *See generally United States v. Stone*, 394 F. Supp. 3d 1, 17-23 (D.D.C. 2019) (setting forth the history of independent and special counsel appointments and the funding thereof through the permanent appropriation). Indeed, there have been at least six other special counsel appointed since 1999 who were funded by this appropriation: John Danforth, Patrick Fitzgerald, Robert Mueller, John Durham, Jack Smith and Robert Hur. *See, e.g.*, *Independent and Special Counsel Expenditures for the Six Months Ended September 30, 2001*, GAO-00-120 at Page 6 (March 2000) ("On September 9, 1999, the Attorney General appointed John C. Danforth as a Special Counsel to investigate the government conduct relative to certain events in Waco, Texas. The Department of Justice determined that the

---

[4] The independent counsel statutes are found at 28 U.S.C. §§ 591-599. When Congress failed to reauthorize them in 1999, the statutes expired. *See* 28 U.S.C. § 599.

4

appropriation established by Public Law 100-202 to fund expenditures by independent counsels appointed pursuant to 28 U.S.C. 591-599, also is available to fund the expenditures of the Special Counsel."); *Independent and Special Counsel Expenditures for the Six Months Ended September 30, 2004*, GAO-05-359, 2005 WL 1396286, at 3 & n.3 (March 2005) (DOJ approved using "appropriation established by Public Law 100-202 to fund expenditures by independent counsels appointed pursuant to the independent counsel law or other law" to fund Special Counsel Fitzgerald); SPECIAL COUNSELS' OFFICE – STATEMENT OF EXPENDITURES MAY 17, 2017 THROUGH FEBRUARY 25, 2020 Note 1B (2020) (Special Counsel Mueller funded at least in part by "the permanent, indefinite appropriation for independent counsels (IC Appropriation) (28 U.S.C. § 591 note)"); SPECIAL COUNSELS' OFFICE – DURHAM STATEMENT OF EXPENDITURES APRIL 1, 2023 THROUGH SEPTEMBER 30, 2023 Page 4 (2023) (Special Counsel Durham funded by same); SPECIAL COUNSELS' OFFICE – SMITH STATEMENT OF EXPENDITURES NOVEMBER 18, 2022 THROUGH MARCH 31, 2023 Page 4 (2023) (Special Counsel Smith funded by same); SPECIAL COUNSELS' OFFICE – HUR STATEMENT OF EXPENDITURES JANUARY 12, 2023 THROUGH MARCH 31, 2023 Page 4 (2023) (Special Counsel Hur funded by same).

Defendant argues that this longstanding practice of using the permanent appropriation to fund special counsel expenditures has no applicability to the facts of this case. In Defendant's view, Special Counsel Weiss is less independent than other special counsel because Mr. Weiss was not selected from outside the government. (*See* D.I. 62 at 8 ("By choosing a subordinate from within DOJ, there is not even a veneer of independence. Mr. Weiss cannot be both 'independent' of DOJ and a part of DOJ (as he is still the U.S. Attorney for the District of Delaware)."); *see also* D.I. 80 at 13 ("Special Counsel Weiss ignores that the statute still requires that the covered person be a lower-case 'independent counsel' – in a similar sense to the Independent Counsel the

appropriation was primarily intended to fund – and he is in no sense 'independent' from the United States government that he already serves as U.S. Attorney.")). Yet the plain language of the appropriation imposes no such mandate that the special counsel be selected from outside the government in order to receive funds. *See* Pub. L. No. 100-202, 101 Stat. 1329 (Dec. 22, 1987). And, of course, Defendant's argument also ignores the fact that the permanent appropriation has been used to fund at least two other special counsel who were sitting U.S. Attorneys at the time of appointment: Patrick Fitzgerald, U.S. Attorney for the Northern District of Illinois, and John Durham, U.S. Attorney for the District of Connecticut. *See supra* n.3.

In fact, in auditing the expenditures of Special Counsel Fitzgerald, the Government Accountability Office ("GAO") rejected Defendant's argument, finding that a sitting U.S. Attorney appointed as special counsel can qualify as "independent counsel" within the meaning of the appropriation's "other law" language. *See Special Counsel and Permanent Indefinite Appropriation*, GAO B-302582, 2004 WL 2213560 (Sept. 30, 2004). The GAO concluded that, notwithstanding the fact that he was continuing to serve as a U.S. Attorney, Mr. Fitzgerald's special counsel expenditures could be funded by the permanent appropriation because (1) the appropriation itself did not condition such funds on the "independent counsel" being selected from outside the government and because (2) Mr. Fitzgerald was lawfully appointed as an "independent counsel" pursuant to relevant "other law" (*i.e.*, §§ 509, 510 and 515). *Id.* at *1-4. In reaching the latter conclusion, the GAO noted that when constitutional challenges to the independent counsel statutes (*i.e.*, § 591 *et seq.*) were ongoing in 1987, the Attorney General began using other statutory authority (*e.g.*, §§ 509, 510 and 515) to appoint the same people to serve as independent counsel so as to avoid any interruption in investigations if the independent counsel statutes were found unconstitutional. *See* GAO B-302582, 2004 WL 2213560, at *3. Those appointments occurred
6

around the time that Congress was considering the bill that ultimately enacted the permanent indefinite appropriation into law. *Id.* Therefore, in the GAO's opinion, independent counsel appointed under §§ 509, 510 and 515 were the independent counsel appointed pursuant to "other law" referenced in the appropriation. Because Special Counsel Fitzgerald was appointed under that statutory authority, he was an "independent counsel" contemplated by the appropriation and his special counsel expenditure funding therefrom was proper. GAO B-302582, 2004 WL 2213560, at *4. Defendant cites no cases or other authority that have reached a different conclusion or even cast doubt on the one reached by the GAO. The Court has found none either.

Although Special Counsel Weiss was appointed under the same statutory authority,[5] Defendant claims that the GAO's findings are nevertheless inapplicable here because Special Counsel Fitzgerald was "delegated the full authority of the Attorney General" and was therefore more independent than Special Counsel Weiss. Defendant points out that the appointment of Mr. Fitzgerald made clear that Part 600 did not apply to him, whereas the order appointing Mr. Weiss as Special Counsel expressly provides that he is subject to 28 C.F.R. §§ 600.4-600.10. *See* ORDER NO. 5730-2023 at 2. In Defendant's view, Mr. Weiss being subject to the reporting and supervision requirements of 28 C.F.R. § 600.7 destroys any claim that he is independent enough to receive funding from the permanent appropriation for independent counsel. (D.I. 80 at 13-14). Defendant may be correct that Mr. Weiss is subject to certain reporting and supervision requirements that Special Counsel Fitgerald was not, but Mr. Weiss remains free from the day-to-day supervision of the DOJ, and his prosecutorial (and other) decisions may only be overturned when the Attorney General finds the action "so inappropriate or unwarranted under established

---

[5] The Attorney General also cited his authority under § 533 in his appointment of Mr. Weiss. *See* ORDER NO. 5730-2023 at 2.

7

[DOJ] practices." 28 C.F.R. § 600.7(b). Indeed, the Special Counsel's decisions are to be given "great weight." *Id.* And if the Attorney General rejects the Special Counsel's decision(s), that must ultimately be disclosed to Congress. *Id.* Defendant thus ignores the substantial degree of independence that Special Counsel Weiss has notwithstanding that he remains subject to the DOJ regulations. Moreover, neither the GAO nor any court has reached the conclusion that Defendant advocates here – *i.e.*, that special counsel subject to the special counsel regulations cannot be "independent" within the meaning of the appropriation. In fact, one court has suggested the opposite. *See Stone*, 394 F. Supp. 3d at 21 ("[T]hat the regulation calls for a certain level of oversight and compliance with the policies and procedures of the Department of Justice does not mean a special counsel is not 'independent' as that term is generally understood and as it was used in the permanent appropriation.").

Because Mr. Weiss was lawfully appointed under §§ 509, 510 and 515 to serve as Special Counsel to conduct investigations and prosecutions relating to this criminal matter, he is an "independent counsel" appointed pursuant to "other law" within the meaning of the permanent appropriation and, as such, the funds of such appropriation may lawfully be used for his expenditures. *See, e.g., Stone*, 394 F. Supp. at 20 ("The phrase 'other law' sweeps broadly, and sections 509, 510, and 515 are surely 'other law' under which special attorneys – including special counsel who investigate the President – may be appointed."). Defendant has failed to convince the Court that funding of the Special Counsel's prosecution in this case violates the Appropriations Clause.[6]

---

[6] Defendant has also failed to show that the appropriate remedy for a violation of the Appropriations Clause is dismissal rather than an injunction to allow for a funding transition.

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion to dismiss (D.I. 62) is DENIED.

                                                                                                                                           _____
                                                          The Honorable Maryellen Noreika
                                                          United States District Judge