IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) Criminal Action No. 1:23-cr-00061-MN <br> ) |
| ROBERT HUNTER BIDEN, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

**MR. BIDEN'S RESPONSE TO THE SPECIAL COUNSEL'S OPPOSITION TO A MOTION TO STAY THAT WAS NEVER FILED**

Bartholomew J. Dalton (#808)
DALTON & ASSOCIATES, P.A.
1106 West 10th Street
Wilmington, DE 19806
Tel.: (302) 652-2050
BDalton@dalton.law

Abbe David Lowell
Christopher D. Man
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
AbbeLowellPublicOutreach@winston.com
CMan@winston.com

*Counsel for Robert Hunter Biden*

The Special Counsel oddly treats Mr. Biden's mention in a Status Report that the filing of a notice of appeal divested this Court of jurisdiction as a motion for a stay,[1] but Mr. Biden did not move for a stay. Divestiture is automatic upon filing a notice of appeal, so no motion for a stay is needed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007) ("automatic divestiture"); *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) ("As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, *immediately* conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal.") (emphasis added) (vacating district court orders entered after notice of appeal was filed).

The Special Counsel is correct that a frivolous appeal does not divest this Court of jurisdiction, but it fails to appreciate that the issue of frivolousness must be briefed in the District Court and this Court would then have to certify that the appeal is frivolous to avoid the automatic divestiture. The Special Counsel has filed no motion asking this Court to certify the appeal as frivolous and this Court has not issued any such certification, so the automatic divestiture remains in place. *See United States v. Tyler*, 2016 WL 6728804, at *1 (M.D. Pa. Nov. 15, 2016) (describing process where the government moves to certify an appeal as frivolous).[2]

---

[1] The Special Counsel may be seeking two bites of the apple when only one is allowed. The same day of filing this motion, the Special Counsel filed in the Third Circuit a motion to dismiss the appeal and asked for a schedule to litigate the issues sooner than the Court of Appeals had already established as an expedited timetable. The arguments made to this Court are the same as being made to the appellate court, the proper forum for that consideration.

[2] The Special Counsel has a heavy burden in proving an appeal is frivolous. *See, e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 320 (1989) (stating that frivolity is not co-extensive with failure to state a claim and that complaints dismissed for failure to state a claim may raise arguable, but ultimately incognizable, claims whereas frivolity applies to class of claims that are inarguable); *Tyler*, 2016 WL 6728804, at *2 ("A claim is frivolous if it lacks an arguable basis in law or fact."); *United States v. Rigas*, 2008 WL 11450826, at *1 (M.D. Pa. July 24, 2008) ("'a matter is not frivolous if any of the legal points are arguable on their merits.'") (quoting *Death Row Prisoners of Pa. v. Ridge*, 948 F. Supp. 1282, 1286 (E.D. Pa. 1996)) (denying double jeopardy claim, but recognizing

In *United States v. Leppo*, 634 F.2d 101 (3d Cir. 1980), the Third Circuit adopted (as most Circuits have) the process for certifying appeals as frivolous established in *United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980) (en banc). *Leppo* explained "an appeal . . . does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous and supported its conclusions by written findings" and that "in the absence of a finding that the motion is frivolous, the trial court must suspend its proceedings once a notice of appeal is filed." *Leppo*, 634 F.2d at 105; *see United States v. Ciancaglini*, 858 F.2d 923, 926 n.3 (3d Cir. 1988) ("Under our decision in [*Leppo*], a finding by the district court that the double jeopardy claim is frivolous gives it continuing jurisdiction. . . ."). "'In the absence of such certification,' however, 'the district court is automatically divested' of its authority 'to proceed with trial pending appeal.'" *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018) (quoting *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)).

Not only has the Special Counsel not moved this Court to certify the appeal as frivolous, but it has taken actions that divest the ability of this Court to do so now. On April 19, 2024, the Special Counsel filed a motion to dismiss the appeal for the same lack of jurisdiction argument it makes in its misnamed filing here. Doing so divested this Court of jurisdiction to consider that question as well. As the Third Circuit explained, the divestiture doctrine serves "the salutary purpose of preventing the confusion and inefficiency which would of necessity result were two

---

the appeal of the issue is not frivolous). If it were to try, the Special Counsel cannot meet that burden. With respect to the issues being appealed, this Court penned a combined 30 pages of judicial analysis in its Opinions addressing the novel issues of immunity conferred by the diversion agreement, the Special Counsel appointment and funding, and separation of powers concerns. Such extensive discussion is unnecessary where the issues presented are "frivolous." As there is now a briefing schedule for addressing the jurisdictional issues set in the Third Circuit (*United States v. Biden*, No. 24-1703, DE 2 (3d Cir. Apr. 17, 2024)), Mr. Biden will demonstrate several bases for appellate jurisdiction in conformance with the Third Circuit's Order.

courts to be considering the same issue or issues simultaneously." *Venen*, 758 F.2d at 121. Because the issue of the Third Circuit's jurisdiction is now being briefed before the Third Circuit, this Court is divested from considering the same issue.

Apart from the divestiture issue, with the Third Circuit already engaging in briefing on this issue, principles of judicial efficiency dictate that this Court wait for the Third Circuit to rule. Even if the Special Counsel could persuade this Court to jockey its way ahead of the Third Circuit, an adverse certification by this Court against Mr. Biden would be appealed to the Third Circuit in any event. A decision by the Third Circuit is coming, and this Court should wait to determine how to proceed in this case with the benefit of the Third Circuit's opinion.

Dated: April 22, 2024                                     Respectfully submitted,

                                                          */s/ Abbe David Lowell*
Bartholomew J. Dalton (#808)                              Abbe David Lowell
DALTON & ASSOCIATES, P.A.                                 Christopher D. Man
1106 West 10th Street                                     WINSTON & STRAWN LLP
Wilmington, DE 19806                                      1901 L Street NW
Tel.: (302) 652-2050                                      Washington, DC 20036
BDalton@dalton.law                                        Tel.: (202) 282-5000
                                                          Fax: (202) 282-5100
                                                          AbbeLowellPublicOutreach@winston.com
                                                          CMan@winston.com

                                                          *Counsel for Robert Hunter Biden*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2024, I filed the foregoing Response to the Special Counsel's Opposition to a Motion to Stay with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Abbe David Lowell*
Abbe David Lowell

*Counsel for Robert Hunter Biden*
