IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 23-cr-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| Defendant. | ) |

**REPLY TO DEFENDANT'S RESPONSE**

In his Response, Doc. No. 109, the defendant relies on cases discussing certifying an interlocutory appeal as frivolous on the merits but that is not the issue presently before this Court. The issue he fails to address is whether a district court loses jurisdiction after an appeal of a nonappealable order—it does not. The defendant incorrectly claims this Court must "certify that the appeal is frivolous to avoid [] automatic divestiture" and cites *United States v. Tyler*, 2016 WL 6728804, at * 1 (M.D. Pa. Nov. 15, 2016) (unreported). Doc. No. 109 at p. 1. In *Tyler*, the defendant filed a motion to dismiss the indictment arguing that the Double Jeopardy Clause barred his retrial, and it was denied. *Id*. Orders denying a motion to dismiss based on double jeopardy grounds are one of only three types of denials that are subject to an interlocutory appeal. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (". . . we have found denials of only three types of motions to be immediately appealable: motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause"). Because an order denying a motion seeking to avoid trial on double jeopardy grounds is immediately appealable, the government argued that the appeal was *substantively* frivolous, thereby allowing the district court to continue to exert jurisdiction over the case. *Tyler*, 2016 WL 6728804, at *1. The district court agreed and found the defendant's double jeopardy claim was *substantively* frivolous. *Id.* This is different than the issue presently before the Court.

Here, the Court is first being asked to consider whether it has been divested of jurisdiction, not whether the merits of the appeal itself are substantively frivolous. As explained in the Government's opposition, Doc. No. 108, an improper notice of appeal does not divest the district court of jurisdiction. *See Venen v. Sweet*, 758 F.2d 117, 121 & n.3 (3d Cir. 1985) ("the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable"); *see also United States v. Fattah*, 83 F.Supp.3d 632 (E.D.Pa. 2015) ("the notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the district court performed during the interval between the filing of the notice and the dismissal of the appeal"); *United States v. Jackson*, 2023 WL 5994640 (D.N.J. 2023) (retaining jurisdiction where "[d]efendants' arguments clearly do not satisfy the third element of the collateral order doctrine and, accordingly, are *procedurally* frivolous.") (emphasis added). Because the defendant's appeal is *procedurally* frivolous, and the defendant has not met his burden of establishing that the grounds he raises on appeal divest the Court of jurisdiction, this Court should issue the government's proposed scheduling order.[1]

The Third Circuit issued an order today denying the government's motion to expedite briefing but nonetheless modifying the defendant's deadline to file a response to the pending motion to dismiss by moving up the filing deadline to April 29, 2024. Importantly, the Third Circuit's order states, "The Court is mindful of the current trial schedule and will resolve the matter

---

[1] Moreover, just like the filing of the notice of appeal for which there is no jurisdiction does not divest the district court of jurisdiction, the filing of a motion to dismiss in an appellate court does not divest the district court's jurisdiction. The defendant cites no authority to the contrary. In *Jackson*, the defendant filed a notice of appeal on August 18, 2023, the government filed a motion to dismiss in the Third Circuit on August 24, 2023, and the district court denied the defendant's motion to stay proceedings on September 15, 2023—prior to any appellate decision on the pending motion to dismiss. *See* District Court Docket at *United States v. Jackson,* 13-290-SDW (D.N.J) (Doc. Nos. 503, 516) and Third Circuit Docket at *United States v. Jackson,* 23-2492 (3d. Cir.) (Doc. No. 8). The defendant's tautological argument that this jurisdictional deficiency can only be addressed in one court at a time is misguided and unsupported by law.

before this Court in a timely manner." *United States v. Biden*, 24-1703, Doc. No. 13 (3d. Cir. April 22, 2024). Given that the Third Circuit's order reflects its intention to issue an order on the motion to dismiss before the June 3, 2024, trial, this Court should issue the Government's proposed pretrial schedule which includes deadlines that begin with expert disclosures and reciprocal discovery due on April 24, 2024. Doc. No. 102-1.[2] If this Court were precluded from issuing a scheduling order, then the Third Circuit's order recognizing the current trial schedule would be meaningless because the trial date would become impractical without pretrial deadlines. That outcome further underscores that the defendant's claim that this Court is divested of jurisdiction is unfounded.

        Respectfully submitted,

        DAVID C. WEISS
        SPECIAL COUNSEL

By: /s/ Derek Hines
        _____
        Derek E. Hines
        Senior Assistant Special Counsel
        Leo J. Wise
        Principal Senior Assistant Special Counsel
        U.S. Department of Justice

---

[2] The defendant and government previously submitted a joint proposed order that included deadlines of April 17, 2024, and April 19, 2024, for expert disclosures and reciprocal discovery, respectively. Doc. No. 95-1.