IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 23-00061-MN |
| ROBERT HUNTER BIDEN, | ) |
| | ) |
| *Defendant*. | ) |

**THE UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
TO ENJOIN THE SPECIAL COUNSEL'S INVESTIGATION AND PROSECUTION FOR
CONTINUING VIOLATIONS OF THE APPROPRIATIONS CLAUSE**

## I.    INTRODUCTION

The United States, by and through undersigned counsel, respectfully submits this Response to defendant's motion to enjoin the Special Counsel's investigation and prosecution (Doc. No. 127). The defendant's claims of Appropriations Clause violations have now been rejected in two district courts and two circuit courts. The defendant now returns to this Court, two weeks before his trial is scheduled to begin, to ask for injunctive relief based on those already-rejected arguments. For the reasons that follow, his latest request must also be denied.

## II.    ARGUMENT

The defendant is not entitled to an injunction for alleged Appropriations Clause violations because he cannot satisfy the four *Winter* factors:

> A plaintiff seeking a preliminary injunction must establish that he is likely to [1] succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.

*Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); s*ee also*, *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). In his motion, the defendant has come forward with no evidence in support of his request for an injunction; there is only one declaration attached, executed by counsel, and it does not set forth any facts in support of the relief sought. ECF No. 127.

1

### A. The Defendant Is Unlikely to Succeed on the Merits

The defendant is not likely to succeed on the merits of his Appropriations Clause argument and therefore cannot meet the first *Winter* factor. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017) (a movant must establish this prong before injunctive relief can be granted).

The Court here has the benefit of thorough briefing on the merits of defendant's Appropriations Clause claims. In fact, the defendant has already fully briefed these arguments in this Court. *See, e.g.*, Motion to Dismiss the Indictment Because Special Counsel Weiss was Unlawfully Appointed and the Prosecution Violates the Appropriations Clause (ECF No. 62). The Court rejected the defendant's arguments. April 12, 2024 Memorandum Order (ECF No. 101). For the reasons this Court has already articulated, *id.*, he was not successful. Specifically, in its memorandum order, this Court examined and rejected the defendant's contention that there is an ongoing violation of the Appropriations Clause, explaining that defendant "ignores the substantial degree of independence that Special Counsel Weiss has notwithstanding that he remains subject to the DOJ regulations. Moreover, neither the GAO nor any court has reached the conclusion that Defendant advocates here – i.e., that special counsel subject to the special counsel regulations cannot be "independent" within the meaning of the appropriation" *Id*. at 8.

Moreover, "[b]ecause Mr. Weiss was lawfully appointed under §§ 509, 510 and 515 to serve as Special Counsel to conduct investigations and prosecutions relating to this criminal matter, he is an "independent counsel" appointed pursuant to "other law" within the meaning of the permanent appropriation and, as such, the funds of such appropriation may lawfully be used

for his expenditures." *Id*. The Court's nine-page explanation of its ruling contained an extensive analysis of statutory text, ultimately concluding that "Defendant has failed to convince the Court that funding of the Special Counsel's prosecution in this case violates the Appropriations Clause." *Id*. at 8. Because the defendant did not succeed on the merits when he made Appropriations Clause claims in the context of a motion to dismiss and now offers no new facts or law in support of his request for an injunction, he cannot possibly show a chance of success on the merits, and the injunction, therefore, should not issue. *Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012).

### B. The Defendant Will Not Be Irreparably Harmed by Facing Trial

Even if he had met the first *Winter* factor, the defendant cannot show that he will suffer irreparable harm if this criminal prosecution continues. Because a preliminary injunction is an extraordinary remedy, the defendant must articulate a threatened injury that is immediate. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) ("to show irreparable harm a plaintiff must 'demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial'" (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)).

After this Court rejected his meritless Appropriations Clause argument in his motion to dismiss, the only potentially "irreparable consequence" the defendant faces as a result of the adverse ruling is being required to stand trial for the criminal charges brought against him. The Supreme Court has explicitly held that being indicted and forced to assert a defense is not irreparable injury. *Cobbledick v. United States*, 309 U.S. 323, 325 (1940) (criminal prosecution is not an irreparable harm). Similarly, in denying a civil injunction of a criminal prosecution brought under an allegedly unconstitutional state law, the Supreme Court has explained, "The imminence

of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid." *Younger v. Harris*, 401 U.S. 37, 46 (D.C. Cir. 1987) (internal quotation omitted).

The defendant also cannot show irreparable harm because even if his Appropriations Clause claim had merit, he will again have the opportunity for the Third Circuit to review it on an appeal from final judgment. In *Deaver v. Seymour,* the D.C. Circuit considered and rejected an injunction request brought by a former deputy chief of staff to enjoin prosecution by an independent counsel based on the alleged unconstitutionality of the Ethics in Government Act. 822 F.2d 66 (D.C. Cir. 1987). The court determined that defendant's claims could be vindicated by a reversal of conviction. *Id*. at 71.

Finally, the timing of the defendant's injunction request belies his allegation now that the harm he faces is immediate and irreparable. He was indicted by the Special Counsel's office on September 14, 2023, and has only now sought injunctive relief. A unanimous panel of the Third Circuit further found that "the defendant has not shown the order has a 'serious, perhaps irreparable, consequence' and can be 'effect[tually] challenged only by immediate appeal.'" *Id*. at 3 (citing cases).

C. **The Balance of Equities and Public Interest Do Not Tip in Defendant's Favor**

The defendant points to his argument that a constitutional right was violated as the sole reason that the third and fourth *Winter* factors are satisfied, but his failure to demonstrate a likelihood of success on the merits undercuts his claim that the public interest will be served by the issuance of an injunction. *See Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated,

because all citizens have a stake in upholding the Constitution" but noting that failure to show a likelihood of success on the merits weighed against finding that the public interest would be served").

Moreover, the injunction defendant seeks (to end his prosecution) will affect no one other than him. The very personal nature of this relief weighs against a finding that an injunction would serve the public. "In passing the Speedy Trial Act, Congress recognized that the public has a substantial interest in the resolution of prosecutions without needless delay." *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980) *quoting* H.R.Rep. No. 1508, 93d Cong., 2d Sess. 1: "The purpose of this bill is to assist in reducing crime and the danger of recidivism by requiring speedy trials and by strengthening the supervision over persons released pending trial"). The public's interest in the resolution of this prosecution militates against a finding the final *Winter* factors satisfied.

### D. The Injunction Request is Frivolous

On the second page of his most recent filing, the defendant acknowledges that this is a clean-up exercise which he presumes will automatically obtain the result he really seeks: divesting this court of jurisdiction immediately before trial. In the event the Court denies his meritless motion for an injunction, he plans to "take an immediate appeal to address future violations." ECF No. 127 at p. 2.

The defendant assumes that he can unilaterally decide this Court's jurisdiction, even though such an appeal would be frivolous, but the Third Circuit has adopted a process for just such situations. *Leppo*, 634 F.2d at 105. Where, as here, trial is inevitable and it is apparent that there can be no legitimate challenge to the case proceeding to trial, divesting the district court of the jurisdiction to require defendant to appear for trial injures the legitimate interests of the judicial

system. Therefore, this Court should certify any appeal as frivolous. Such a certification would allow this Court to ignore the notice of appeal and proceed as if no notice had been filed. *Id.*

The Third Circuit follows the dual jurisdiction rule set forth by the Fifth Circuit in *United States v. Dunbar*, 611 F.2d 985, 987-89 (5th Cir. 1980) (*en banc*; twenty-five judges): "appeal from the denial of a frivolous motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous." This approach has been uniformly adopted by other circuits. *See United States v. Head*, 697 F.2d 1200, 1204 n. 4 (4th Cir. 1982); *United States v. Lanci*, 669 F.2d 391, 394 (6th Cir. 1982); *United States v. Cannon*, 715 F.2d 1228 (7th Cir. 1983); *United States v. Grabinski*, 674 F.2d 677, 679 (8th Cir. 1982) (*en banc*); *Stewart v. Donges*, 915 F.2d 572, 576–577 (10th Cir. 1990).

Certifying an appeal as frivolous "enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings." *Behrens v. Pelletier*, 516 U.S. 299, 310–11 (1996). A "ritualistic application of the divestiture rule … conflicts with the public policy favoring rapid adjudication of criminal prosecutions." *Leppo*, 634 F.2d at 104. Even in *Abney v. United States,* 431 U.S. 651, 662, n. 8 (1977), the Supreme Court recognized that "[i]t is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims."

This Court should deny the defendant's injunction request and this Court should certify to the Court of Appeals that the defendant's request is frivolous and proceed with trial.

### E. The Defendant's Late Filing is a Transparent Divestiture Effort

The timing of the defendant's injunction request, combined with his explicit statements in the motion, make clear that this is nothing more than a perfunctory exercise intended to delay the trial in this case scheduled to begin in two weeks. He plainly states his plan to utilize this Court's

6

denial to appeal, a maneuver that could postpone the inevitable trial. ECF No. 127 p. 2 (he intends to give the Third Circuit "an opportunity to address this issue when considering Mr. Biden's forthcoming petition for rehearing and rehearing en banc").

The Special Counsel was appointed on August 11, 2023, and the defendant was initially charged by information in this case on June 20, 2023 with an indictment filed on September 14, 2023. He waited more than eight months before seeking this injunction. Such dilatory conduct, coming, as it does, on the heels of the denial of a request to stay deadlines for a trial set to begin next month, *see, e.g.*, transcript of status conference on May 14, 2024, ECF No. 128, cannot be permitted to waste this Court's time and "induce needless paper shuffling." *Leppo*, 634 F.2d at 104 (quoting 9 J. Moore, Federal Practice, ¶ 203.11 at 3-44 n. 1 (1980)).

The defendant tries to explain the untimeliness of his injunction motion in many, contradictory ways. He acknowledges that "the time has passed for Mr. Biden to bring pre-trial motions to dismiss based on the Special Counsel's past decision to indict," and also acknowledges "injunctive relief was not explicitly requested" previously (contradicting his prior position before the Third Circuit). *Compare* ECF 127 at 1, n. 1.  with App. Resp. to Gov. MTD, 24-1703, Docket 15, p. 4. He goes on to interpret "pretrial motions" in this Court's scheduling order, ECF No. 57, to really mean, in his view, only "motions to dismiss." *Id*. Even more incredibly, he then points to the fact that the government filed its motions in limine by the date on which they were due as suggesting that the government somehow agrees with his fanciful definition of pretrial motions: "The *parties* clearly understood there were other "pre-trial motions" that would be filed addressing future issues …and the Special Counsel filing [sic] several such motions in limine this morning." *Id*. (emphasis added). For good measure, the defendant compares his long-delayed injunction

7

motion to an amended complaint or superseding indictment, stating "the situation is no different here." *Id*. That comparison is absurd.

The defendant's citation to the First Circuit's decision in *United States v. Bilodeau*, 24 F.4th 705 (1st Cir. 2022) is misplaced. There, the First Circuit held that the specific claims before it, not all Appropriations Clause challenges, are "best seen as requests for injunctions." *Id*. at 711 n.6. He also cites the Supreme Court's decision in *Axon Enterprises. v. FTC*, 598 U.S. 175, 192 (2023), arguing that the Court in *Axon* analogizing to "established immunity doctrines," explained, "[t]here, we have identified certain rights 'not to stand trial' or face other legal processes." The problem with the defendant's argument, and his reliance on *Axon*, is that "appropriation clause and unlawful appointment issues," as he refers to them, have never been recognized by any court as among the rights "not to stand trial" or "face other legal processes."

Further underscoring the frivolousness of his motion, the Third Circuit yesterday rejected the defendant's request for an administrative stay of these proceedings which was based, in part, on his claim that a stay would "allow time for the district court to Rule on Biden's Appropriation Clause injunction motion and for Biden to appeal." *United States v. Hunter Biden*, Case No. 24-1703, Doc. No. 19 at p. 4. (3d Cir. May 20, 2024). He stated in his motion, "Biden expects the district court to deny his motion for an Appropriations Clause injunction soon which he will appeal under Section 1292(a)(1), and that will independently divest the district court of jurisdiction." *Id*. at p. 6. If the Court denies the motion, whenever that decision occurs, it will not independently divest the Court of jurisdiction. After he filed his motion, a panel of the Third Circuit immediately issued an order denying the defendant's motion. *Id*. at Doc. No. 20 (May 21, 2024).

Because there is no merit to the defendant's Appropriations Clause claim and because this Court and the Third Circuit have already said as much, the defendant's request should be denied.

In light of the Third Circuit's decision denying the defendant's request for a stay pending the issuance of a decision on this motion, the government does not believe it is necessary for this Court to decide this motion before trial, given that the defendant chose to bring it belatedly. When this Court issues its decision, the government respectfully requests that the Court certify his motion as frivolous if the decision is issued prior to trial or other proceedings.

### III.   CONCLUSION

For the foregoing reasons, this Court should deny the defendant's request for injunctive relief and certify it as frivolous.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

By: _____
Derek E. Hines
Senior Assistant Special Counsel
Leo J. Wise
Principal Senior Assistant Special Counsel
U.S. Department of Justice